## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| PAMELA S. ALICNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO 3:07cv-592-H |
| | ) |
| ALTEC INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Pamela S. Alicna ("Alicna"), by counsel, brings this action against Defendant, Altec Industries, Inc,. ("Defendant") alleging violation of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq., the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. §1001 et seq., the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 et. seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq.

### II. PARTIES

2.      Alicna is a resident of the State of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 29 U.S.C. §§ 1132(e), 29 U.S.C. § 626; 28 U.S.C. § 1367 and 42 U.S.C. § 12117.

5.      Alicna's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer" as that term is defined by  29 U.S.C. § 1002(5), 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b) and KRS344.030(2).

7.      At all times relevant to this action, Alicna was an "employee" as that term is defined by 42 U.S.C. § 12111(4), 29 U.S.C. § 1002(6), 29 U.S.C. § 630(f) and KRS344.030(5).

8.      Defendant maintains and sponsors an "employee welfare benefit plan" for its employees, including Alicna, as defined by 29 U.S.C. § 1002(1).

9.      Alicna was a "participant" in Defendant's "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(7).

10.      Alicna satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No.  474-2007-0034 against Defendant alleging discrimination based on her association with an individual with a disability.  Alicna received her Notice of Suit Rights and timely files this action.

11.       All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12.      Alicna was born in the year 1955.

13.      Alicna was hired by the Defendant in or about August 2003.  Since June 2004,

Alicna served as the Human Resources Assistant.

14.     At all relevant times, Alicna met or exceeded Defendant's legitimate performance expectations.

15.     Nevertheless, Defendant terminated Alicna's employment on or about June 16, 2006.

16.     Defendant's stated reason for terminating Alicna's employment is that Alicna committed an alleged breach of confidentiality.

17.     However, Alicna did not breach confidentiality.  Rather, Defendant's states reason is pretext for unlawful discrimination based on age and/or Alicna's association with an individual with a disability and/or the expense of carrying Alicna and her husband on Defendant's health plan.

18.     Alicna's spouse suffers from a disability.

19.     Defendant was aware that Alicna's spouse suffered from a disability.

20.     Alicna's spouse significantly impacted Defendant's health care costs as a result of his disability, especially in the twelve months preceding the termination of Alicna's employment.

21.     Alicna was replaced by a significantly younger individual who was not associated with an individual with a disability.

22.     The Defendant's need to lower healthcare costs was presented and discussed in a company meeting in or about 2006.

23.     In 2006, Defendant created a list of forty-three individuals who had been identified for their high cost to Defendant's healthcare plan.

24.     Similarly-situated younger individuals and/or individuals who are  not associated

with an individual with a disability or had a high healthcare cost were treated more favorably under similar circumstances.

## V. CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE ADA

25.    Alicna hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26.    Defendant discriminated against Alicna because of her association with an individual with a disability.

27.    Defendant's intentional and willful actions were taken in reckless disregard for Alicna's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4).

28.    Alicna has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: AGE DISCRIMINATION

29.    Alicna hereby incorporates paragraphs one (1) through twenty-eight (28) of her complaint as if the same were set forth at length herein.

30.    Defendant has willfully and intentionally, with malice and/or reckless disregard for Alicna's rights, engaged in unlawful and discriminatory employment practices based on Alicna's age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 et. seq. and KRS 344.010, et. seq.

31.    Alicna has suffered damages as a result of Defendant's unlawful actions.

<u>**COUNT III: VIOLATION OF ERISA**</u>

32.     Alicna hereby incorporates paragraphs one (1) through thirty-one(31) of her Complaint.

33.     Alicna was qualified for the position she occupied.

34.     Defendant terminated Alicna's employment to interfere with her continued receipt of benefits under its benefit plan in violation of Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. §1001 <u>et</u> <u>seq.</u>

35.     Alicna suffered damages as a result of Defendant's unlawful actions.

**VI.  <u>REQUESTED RELIEF</u>**

WHEREFORE, Plaintiff, Pamela S. Alicna, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Alicna to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Alicna of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions,

4.     Compensatory damages for Defendant's violations of the ADA and KRS 344.010 <u>et</u>. <u>seq</u>.;

5.     Punitive damages for Defendant's violations of the ADA and KRS 344.010 <u>et</u>. <u>seq</u>.;

5.     Liquidated damages for Defendant's violations of the ADEA;

6.     All costs and attorney's fees incurred as a result of bringing this action;

7.      Pre- and post-judgment interest on all sums recoverable; and

8.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:      (502) 561-3418
Facsimile:      (502) 561-3444
Email:          ad@bdlegal.com

Attorneys for Plaintiff, Pamela S. Alicna

## DEMAND FOR JURY TRIAL

Plaintiff, Pamela S. Alicna, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:      (502) 561-3418
Facsimile:      (502) 561-3444
Email:          ad@bdlegal.com

Attorneys for Plaintiff, Pamela S. Alicna